IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAFAEL VAZQUEZ,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-6450** |
| | : | |
| **C.O. C. DAVIS,** | : | |
|     **Defendant.** | : | |

## MEMORANDUM

**PEREZ, J.**                                                                                                                                                                             **APRIL 24, 2025**

      Plaintiff Rafael Vazquez filed this civil action pursuant to 42 U.S.C. § 1983 against Correctional Officer C. Davis based on allegations that Davis deprived him of his property while he was incarcerated at the Riverside Correctional Facility in Philadelphia, resulting in the dismissal of Vazquez's then-pending civil lawsuit. Vazquez seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Vazquez leave to proceed *in forma pauperis* and dismiss the Complaint with prejudice.

**I.    FACTUAL ALLEGATIONS**[1]

      On November 1, 2022, at approximately 9:30 a.m., Davis and another officer would not permit Vazquez to bring his property with him when he was sent to "the hole" following a verbal dispute. (Compl. at 5.) When Vazquez asked the officers to "make sure that all my stuff follows me," Davis allegedly responded "I'm going to see to it that you do not get any of your property. I'm going to make sure it goes in the trash." (*Id.*) Vazquez, who is currently incarcerated at SCI

---

[1] The following facts are taken from the Complaint, documents attached to the Complaint, and matters of public record, which the Court may consider in determining whether a complaint states a claim. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). The Court adopts the pagination supplied by the CM/ECF docketing system.

Fayette, claims that he never received his property. (*Id.*) The property "consisted of full discovery of case #4:19-cv-1371," which Vazquez claims was ultimately dismissed because his ability to prosecute his claims was "impaired" without that discovery. (*Id.*) The confiscated property also included, among other things, a "grievance & sick call paper trail," a legal pad containing approximately fifty songs Vazquez composed, and books containing addresses and phone numbers of contacts that have now been lost. (*Id.*)

Vazquez brings procedural due process and equal protection claims for damages based on the loss or destruction of his property. (*Id.*) The Court also understands him to be bringing a claim for denial of access to the courts based on the dismissal of his civil lawsuit. (*Id.*) In that lawsuit, which was removed to the United States District Court for the Middle District of Pennsylvania, Vazquez brought civil rights claims based on conditions at SCI Coal Township, where he had been incarcerated (the "Middle District case"). *Vazquez v. Wetzel*, Civ. A. No. 19-1371 (M.D. Pa.) (ECF No. 1-1 & 39). According to the docket for the Middle District case, the Defendants moved for summary judgment on Vazquez's claims in July 2022. *Id.* (ECF Nos. 75-77, 80). Also in July 2022, and again in December 2022, mail that the Court sent to Vazquez was returned because he had been paroled. *Id.* (ECF No. 81). On December 28, 2022, the court issued an order in the Middle District case updating Vazquez's address because he was in custody at the Riverside Correctional Facility, resending the orders he did not receive to the new address, and directing Vazquez to file a response to the defendants' motion. *Id.* (ECF No. 84).

On January 20, 2023, the court received Vazquez's motion for extension of time in which he sought additional time to respond to the summary judgment motion because, among other things, he had not previously received the motion and because he did "not have any of his paperwork or legal material that [would] help him properly litigate his case." *Id.* (ECF No. 85).

The court granted that motion and directed Vazquez to respond to the defendants' summary judgment motion by April 24, 2023. *Id.* (ECF No. 88). Additionally, the defendants resent to Vazquez at his new address a copy of all filings related to their motion for summary judgment as well as all "documents previously produced during discovery." *Id.* (ECF No. 87; ECF No. 94). Vazquez later sought copies of certain documents filed in the case, but he did not submit the $6.80 required to obtain those copies. *Id.* (ECF No. 106 at 5). Vazquez also sought, and was granted, two additional extensions of time. *Id.* (ECF Nos. 98, 100, 106). In support of one of those requests, Vazquez alleged that his need for an extension was justified by the fact that in June 2023, when he was transferred to SCI Phoenix, an officer discarded "some of his legal documents, his phone and address book, and twenty songs that he wrote." *Id.* (ECF No. 106 at 5; ECF No. 104.) Ultimately, Vazquez never responded to the defendants' summary judgment motion and his case was dismissed on February 2, 2024 for failure to prosecute due to his intentional "failure to respond to the pending motion for summary judgment for more than nine months after being granted multiple extensions of time." *Id.* (ECF No. 107 at 12; ECF No. 108). Notably, Vazquez did not object to the Magistrate Judge's report and recommendation recommending dismissal nor did he file a notice of appeal.

## II.   STANDARD OF REVIEW

The Court will grant Vazquez leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

---

[2] Because Vazquez is a prisoner, he must still pay the $350 filing fee in installments as mandated by the Prison Litigation Reform Act.

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (noting that *pro se* complaints must be construed liberally).  Conclusory and unsupported allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

## III.   DISCUSSION

Vazquez brings constitutional claims pursuant to § 1983 based on Davis's alleged destruction of his property on or about November 1, 2022.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  For the following reasons, Vazquez has failed to allege plausible constitutional claims.[3]

---

[3] In drafting his Complaint, Vazquez checked the boxes on the form he used to reflect his intention to sue Davis in both his individual and official capacity. (Compl. at 2.)  Vazquez appears not to have understood the implication of checking the official capacity box.  Claims against municipal employees named in their official capacity are indistinguishable from claims against the governmental entity that employs the Defendant.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  Thus, official capacity claims are treated as claims against the entity, here the City of Philadelphia, meaning that the pleading standards

**A.     Procedural Due Process**

Vazquez does not allege a basis for a due process claim.  Unauthorized intentional deprivations of property "[do] not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  A correctional facility's grievance procedure provides an adequate postdeprivation remedy for intentional deprivations of property by correctional employees. *Tillman v. Lebanon Cnty. Corr. Facility,* 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison grievance system provides adequate post-deprivation remedy).  Accordingly, Vazquez's due process claim is not plausible because he had an adequate remedy for the deprivation of his property through the prison grievance system. *See, e.g.*, *Mbewe v. Delbalso*, No. 23-2054, 2024 WL 510500, at *3 (3d Cir. Feb. 9, 2024) (*per curiam*) (affirming dismissal of due process claim: "The prison grievance procedure provides an adequate post-deprivation remedy, and the existence of this post-deprivation remedy forecloses [plaintiff's] due process deprivation of property claim" (citation omitted)); *Ransome v. Longstreth*, No. 23-1726, 2023 WL 6122139, at *2 (3d Cir. Sept. 19, 2023) (*per curiam*) (existence of prison grievance process precluded due process claim, even where prisoner alleged violations of the grievance policy).  "Even if the prison grievance procedures could be considered constitutionally inadequate, Pennsylvania's state tort law would provide an adequate

---

for municipal liability apply.  *Id.*  Because Vazquez does not allege any basis for municipal liability, *see Monell*, 436 U.S. at 694 (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation), the Court will dismiss Vazquez's official capacity claims and will address the individual capacity claims below. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity [or individual capacity], we first look to the complaints and the course of proceedings." (quotations omitted)).

remedy."[4] *Hernandez v. Corr. Emergency Response Team*, 771 F. App'x 143, 145 (3d Cir. 2019) (*per curiam*) (citing 42 Pa. Cons. Stat. Ann. § 8522(b)(3)); *see also Lawson v. Ferguson*, No. 22-2365, 2023 WL 2770820, at *3 n.3 (3d Cir. Apr. 4, 2023) (*per curiam*) ("Even if the prison's grievance procedures were inadequate to address Lawson's claims, state tort law could serve as an adequate post-deprivation remedy."). Accordingly, the Court must dismiss Vazquez's due process claim.

### B. Equal Protection

Vazquez also has not stated a plausible Equal Protection claim. The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (*quoting Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To state an equal protection violation, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class." *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016) (*citing Hassan v. City of New York*, 804 F.3d 277, 294, 298 (3d Cir. 2015)). Where the plaintiff does not claim membership in a protected class, he must state facts showing that: "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006); *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985) (a litigant must show "intentional or purposeful discrimination" to establish an equal

---

[4] The Complaint and attachments thereto reflect that Vazquez utilized the grievance process. (Compl. at 6-8, 12-20.) He alleges, however, that his grievances were not answered. (*Id.* at 7.)

protection violation). "Persons are 'similarly situated' for purposes of an equal protection claim when 'they are alike in all relevant aspects.'" *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (emphasis omitted).

Vazquez has not alleged sufficient facts to support an inference that he was treated differently from others similarly situated. Accordingly, he has not stated any basis for an equal protection claim in connection with the destruction of his personal property. *See Carson v. Mulvihill*, 488 F. App'x 554, 563 (3d Cir. 2012) (rejecting equal protection claim when inmate did "not allege facts showing that he was similarly situated to the inmates who received wheelchair footrests, crutches and canes, or that there was no rational basis for his different treatment"); *Perano v. Twp. Of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011) ("At the motion to dismiss stage, Perano must allege facts sufficient to make plausible the existence of such similarly situated parties.").

### C. Denial of Access to the Courts

The Court also understands Vazquez to be pursuing a claim for denial of access to the courts in connection with the dismissal of the Middle District case. *See generally Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."). "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "However, prisoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement." *Id.* "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'— that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and

(2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415. Regarding the lost remedy, a prisoner must explain how his claims "may no longer be pursued as a result of defendant's actions." *Monroe*, 536 F.3d at 206 n.9.

Vazquez alleges that Davis's destruction of his property adversely impacted his ability to prosecute the Middle District case. However, he does not develop this allegation by explaining in any detail the claims that were lost and how, specifically, his ability to pursue his claims was adversely impacted. *See, e.g.*, *Monroe*, 536 F.3d at 206 (plaintiffs' allegations that "they lost the opportunity to pursue attacks of their convictions and civil rights claims" without "specify[ing] facts demonstrating that the claims were nonfrivolous" did not state a claim); *see also Lawson*, 2023 WL 2770820, at *3 (holding that prisoner claiming "the destruction of his entire case file" did not state a denial of access claim where the missing documents would not have made any difference in the outcome of his underlying case); *Talley v. Varner*, 786 F. App'x 326, 328 (3d Cir. 2019) (*per curiam*) (no denial of access to the courts where inmate "failed to allege what underlying nonfrivolous claims he was unable to pursue due to [a] two-week delay" caused by the defendants); *Ross v. Clerk of Courts of the Court of Common Pleas of Philadelphia, Pa.*, No. 17-5012, 2017 WL 5505013, at *3 (E.D. Pa. Nov. 15, 2017) (inmate could not state a claim for denial of access to the courts when his petition for allowance of appeal was still pending before the Supreme Court of Pennsylvania because he still had an opportunity to present his claims), *aff'd on other grounds*, 726 F. App'x 864 (3d Cir. 2018) (*per curiam*). More importantly, the docket for the Middle District case reflects that it was Vazquez himself who was responsible for

the loss of his claims. Following the deprivation of his property by Defendant Davis, Vazquez obtained a complete record of the then-pending summary judgment motions, filings related to that motion, and all discovery that had been produced in the case. He then obtained numerous extensions of time to respond to the defendants' summary judgment motion, but despite being given nine months to prepare his response, filed nothing. Ultimately, the case was dismissed due to his own failure to prosecute, regardless of any loss or difficulty obtaining documents he experienced. This is fatal to his denial of access claim.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Vazquez's leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim. Under the circumstances of this case, the Court concludes that amendment would be futile. An order follows, which dismisses this case.

**BY THE COURT:**

**HON. MIA R. PEREZ**